UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES RICARD, SR., | ) |
| Plaintiff, | ) No. 3:14-cv-02308 |
| | ) Chief Judge Sharp |
| v. | ) |
| P. T. S. OF AMERICA, LLC, | ) |
| Defendant. | ) |

## **M E M O R A N D U M**

The plaintiff, an inmate at the Auoyelles Detention Center in Evergreen, Louisiana, brings this *pro se*, *in forma pauperis* action under 42 U.S.C. § 1983, alleging that the defendant, Prisoner Transportation Services of America, LLC (P.T.S.), violated the plaintiff's civil rights when transporting the plaintiff to his current place of incarceration. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff Ricard seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens*

2

*Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

IV.     **Alleged Facts**

The complaint alleges that, in April of 2014, the plaintiff was transported as a pre-trial detainee by Prison Transportation Services, LLC. The complaint alleges that none of the prisoners on the bus were secured with seatbelts. The plaintiff specifically requested a seatbelt but his request was denied. The plaintiff, who does not smoke, was exposed to the second-hand smoke of the other passengers while being transported. The plaintiff asked to move to the front of the bus to avoid the smoke but was not permitted to move. Over a period of 3-4 days, the bus did not stop to allow the passengers to stretch for any significant period of time. The plaintiff states that he had had surgery on both knees and needed to stretch, so he lay down in the aisle. A Lieutenant told the plaintiff that he must be lying about the surgery because his knees were not swollen, and the Lieutenant would not permit the plaintiff to remain in the aisle. The 19 passengers were not given an opportunity during this period to shower. The plaintiff alleges that the bus had a strong odor. The plaintiff had to go straight to court after the bus ride without having an opportunity to clean up. (Docket No. 1).

V.      **Analysis**

The Eighth Amendment's Cruel and Unusual Punishment Clause requires prison officials to ensure the "reasonable safety" of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S. Ct. 1401, 51 L.Ed.2d 711 (1977). Plaintiff appears to have been a pretrial detainee at the time of his transport to Louisiana. For the purposes of initial review, however, this is largely a distinction

3

without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir .2001). Therefore, the Court will review Plaintiff's claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

With regard to Plaintiff's claims concerning unsafe transportation, a failure to provide seatbelts to prisoners during transport does not, by itself, constitute a substantial risk of serious harm rising to the level of a constitutional violation. *Smith v. Secretary for the Dep't of Corrections*, 252 F. App'x 301, 303–04 (11th Cir. 2007)(failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 643 (10th Cir. 2004) ("failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No. 5:06cv188, 2009 U.S. Dist. LEXIS 27840, at *2, 2009 WL 901917 (S.D. Miss. Mar. 31, 2009) (policy of refusing to seatbelt inmates during transport does not give rise to a cognizable constitutional claim); *Ingram v. Herrington*, No. 4:06CVP65M, 2007 U.S. Dist. LEXIS 71781, at *5, 2007 WL 2815965 (W.D. Ky. Sep. 26, 2007) (failure to seatbelt prisoner does not constitute constitutional violation); *Young v. Hightower*, No. 04–10309, 2007 U.S. Dist. LEXIS 54507, at *6 (E.D. Mich. Jul. 27, 2007) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transport Driver*, No. 06:cv321, 2006 U.S. Dist. LEXIS 85412, at *2, 2006 WL 3392944 (N.D. Ind. Nov. 22, 2006) (transporting inmates in vehicles without seatbelts does not meet deliberate indifference standard).

Plaintiff does not allege that the van's driver drove recklessly or that Plaintiff was injured in any way. The failure to fasten a seatbelt alone does not give rise to an Eighth Amendment/Fourteenth Amendment claim. As a consequence, Plaintiff's claims against P.T.S. will

4

be dismissed for failure to state a claim upon which relief can be granted.

With regard to Plaintiff's claims concerning the odor and discomfort, the Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes*, 101 S.Ct. 2400. It necessarily follows, then, that a prisoner has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another. *See Waller v. Transcor Am.,* 2007 WL 3023827, at *6 (M.D. Tenn. Oct. 11, 2007)(citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995) (a prisoner's mere discomfort, without more, does not offend the Eighth Amendment)). Plaintiff "has not alleged any significant health condition that arose because of a lack of opportunities to maintain personal hygiene during his transfer." *Waller*, 2007 WL 3023827, at *4; *see McCorkle v. Walker*, 871 F. Supp. 555, 557 (N.D.N.Y.1995) (Eighth Amendment was not violated where a prisoner was not allowed to change his underwear for 15 days). In *Myers v. Transcor America, LLC*, 2010 WL 3619831 (M.D. Tenn. Sept. 9, 2010), the prisoner-plaintiffs made similar allegations to the Plaintiff here, and the Court held:

> Even if the Court takes as true the allegations that the transport vans were extremely hot or cold and were dirty and noisy, that the inmates being transported were fed infrequently and had difficulty eating and drinking because of the manner of being restrained, and that the inmates being transported were given infrequent bathroom breaks, these allegations simply fail to evidence the type of living conditions which are so extreme as to violate contemporary standards of decency and, thus, the objective component of the Eighth Amendment claim has not been satisfied. There is no evidence that any of the complained about conditions caused actual harm to the transported inmates or created a substantial risk of serious harm to them; There is no evidence that the plaintiffs were totally deprived of either food or bathroom breaks.

5

*Id.* \*9 (footnote omitted).

Neither has the Plaintiff alleged that a knee condition or his convalescence after knee surgery constituted a serious health condition, nor has he alleged any type of injury arising from P.T.S.'s refusal to permit the Plaintiff to stretch his knees. *Wright v. J & S Extradition Services, LLC*, 2012 WL 1681812, \*7 (M.D. Tenn. May 11, 2012)(holding that, even if transported prisoner's asthma condition were sufficiently serious, and defendant had wantonly inflicted discomfort upon the prisoner, it did "not appear that the acts complained of 'required immediate medical attention or evidence[d] physical injury besides discomfort.'"); *see also Quinlan v. Pers. Transp. Serv. Co.,* 329 Fed. Appx. 246, 249 (11th Cir. 2009)(holding that temporary chest pain, headache, back pain, difficulty breathing, and a denial of prisoner's request to use asthma inhaler during transport van ride were no more than *de minimus* injuries that barred a Section 1983 claim under the PLRA).

While the Plaintiff requested that the driver prohibit the other inmates from smoking, the Plaintiff's limited exposure to second-hand smoke over a period of 3-4 days is not the equivalent of the denial of medical treatment. *See Salaam v. PTS of America, LLC*, 2013 WL 3187223, \*3 (N.D. Ohio June 20, 2013). A prisoner's exposure to smoke must cause more than mere discomfort or inconvenience to state a claim under Section 1983. *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005). Plaintiff does not allege any facts suggesting that his exposure to second-hand smoke caused him anything beyond discomfort.

## VI.    Conclusion

While undoubtedly the Plaintiff's experience was quite unpleasant and uncomfortable, the Plaintiff's conditions of confinement claims arising out of his transport by defendant P.T.S. from one facility to another as a pretrial detainee fail to rise to the level of Eighth Amendment/Fourteenth

6

Amendment violations for cruel and unusual punishment. Consequently, under the PLRA, the plaintiff's complaint must be dismissed.

An appropriate order will be entered.

*Kevin H. Sharp*

Kevin H. Sharp
Chief United States District Judge